### SCHULMAN v. PORTUGALOFF.

(Supreme Court, Appellate Term, First Department. May 4, 1916.)

EVIDENCE ☞445(5)—PAROL EVIDENCE—CHATTEL MORTGAGE.

In an action to foreclose a chattel mortgage on bakery fixtures, where defendant claimed that plaintiff agreed to install such fixtures, but failed to do so within the time agreed upon, or a reasonable time thereafter, and that an agreement was then made by which the fixtures were to be returned to the plaintiff, who agreed to receive them and cancel the mortgage, and that they were returned to the plaintiff, evidence to prove such agreement was material and admissible, under the rule that agreements

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

subsequent to the making of a written agreement and founded upon a good consideration are admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2060; Dec. Dig. ☞415(5).]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Isaac Schulman against Dora Portugaloff. From a judgment rendered in favor of the plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued April term, 1916, before GUY, COHALAN, and WHITAKER, JJ.

Gerson C. Young, of New York City, for appellant.

Abraham B. Albert, of New York City, for respondent.

WHITAKER, J. Plaintiff brought this action to foreclose a chattel mortgage. The complaint alleged that the defendant executed a chattel mortgage upon property located at No. 1887 Douglas street, in Brooklyn, N. Y., and it contains the usual allegations of nonpayment, etc. The answer sets up substantially a general denial, and alleges that the plaintiff agreed to install certain fixtures suitable for a bakery at No. 1430 Pitkin avenue, Brooklyn, N. Y., and being the same fixtures covered by the mortgage. It further alleges that plaintiff failed to install said fixtures within the time agreed upon or a reasonable time thereafter, and thereupon an agreement was entered into between the parties by the terms of which said fixtures were to be returned to plaintiff, and plaintiff agreed to receive said fixtures and cancel said mortgage, and that said fixtures were returned to plaintiff in accordance with such agreement.

Upon the trial the defendant repeatedly offered to prove these facts, but the questions asked for that purpose were objected to by defendant's counsel, and excluded by the trial justice, evidently upon the ground, now urged by the respondent in his brief, that such testimony would tend to vary the terms of a written instrument. The cases cited by respondent in support of such contention merely show that testimony of agreements other than those contained in a writing, and made prior to or contemporaneous with its execution, are not admissible in evidence, as such statements or agreement must be deemed to be merged in such instrument. Agreements, however, made subsequent to the making of a written instrument, and founded upon a good consideration, are always admissible in evidence. This is so obvious as to need no citation of authority in its support. So much of the offered evidence was material and erroneously excluded as to necessitate a new trial.

Judgment reversed, and new trial ordered, with $30 costs to appellant to abide the event. All concur.